DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HECTOR J. TORRES RIOS,**
Appellant,

v.

**REBECA ARIAS,**
Appellee.

No. 4D22-2412

[February 22, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Maxine Cheesman, Judge; L.T. Case No. 502021DR003549.

Dirk Lorenzen of Lorenzen Law, Coral Gables, for appellant.

Michael S. Dyer of Law Office Michael Samuel Dyer, West Palm Beach, for appellee.

KUNTZ, J.

Hector Torres Rios filed a Petition to Establish Paternity and for Related Relief. Rebeca Arias filed a proposed parenting plan after a court-ordered paternity test established Torres' paternity. Following a bench trial, the trial court granted Torres' motion to establish paternity and largely adopted Arias' proposed parenting plan. It also denied Torres' petition to change the child's surname. Torres appeals several portions of the Final Judgment and incorporated Parenting Plan. We affirm without discussion several of the issues Torres raises on appeal. But on five other issues we reverse and remand as explained below.

First, we agree with Torres that the final judgment and incorporated parenting plan conflict on several points. So we reverse those portions of the final judgment and remand to the trial court for clarification. *A.A. v. D.W.*, 326 So. 3d 1186, 1187 (Fla. 2d DCA 2021).

Second, section 61.13(2)(b)3.a., Florida Statutes (2022), provides that "[i]f the court orders shared parental responsibility over health care decisions, the parenting plan must provide that either parent may consent

to mental health treatment for the child." The final judgment did not include this required provision. We reverse the final judgment to allow the trial court to amend the judgment to comply with this statute.

Third, the final judgment states the parties must pay "all child related expenses" on a pro rata share, "including but not limited, uncovered medical, dental, prescriptions, optometry, cost of education, daycare, aftercare, summer camp, and tutoring." It orders Torres to pay 96% of such expenses and Arias to pay 4%. But, as Torres argues, no pleading asked the trial court for an award of expenses beyond child support. So we reverse the trial court's award of expenses that were not properly before the court.

Fourth, the evidence established that health insurance coverage for the child is provided through Torres' medical insurance plan. But the final judgment concluded the child is and will remain on Medicaid. We reverse that portion of the final judgment and remand for the trial court to correct the judgment.

Fifth, section 382.013(2)(d), Florida Statutes (2022), states that "[i]f the paternity of the child is determined by a court of competent jurisdiction . . . the name of the father and the surname of the child shall be entered on the certificate in accordance with the finding and order of the court." Further, "[i]f the court fails to specify a surname for the child, the surname shall be entered in accordance with subsection (3)." *Id.* Subsection (3) states that if the mother and father disagree on the surname, "the surname selected by the father and the surname selected by the mother shall both be entered on the birth certificate, separated by a hyphen, with the selected names entered in alphabetical order." § 382.013(3)(b), Fla. Stat. (2022). We agree with Torres that the court erred when it denied his request to include his surname on the child's birth certificate. So we reverse and remand for the entry of an amended final judgment that complies with section 382.013.

For the reasons stated above, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*

MAY and DAMOORGIAN, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

2